# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREGORY D. BARREN, Sr.,

               Plaintiff,

vs.

OFFICER C. COLOMA, P#2106, an individual; and OFFICER D. BROOKS, P# 1875, an individual,

               Defendants.

Case No. 2:11 cv-00653-KJD-GWF

**ORDER**

This matter is before the Court on Plaintiff and Defendants' Joint Motion to Extend Discovery (First Request), or in the Alternative, Defendants' Motion to Compel Discovery Responses and Limited Extension of Discovery (#21), filed on February 28, 2012. Based on the representations made in the joint motion, this Court entered an order on March 1, 2012, granting the motion and extending discovery through March 28, 2012. *See Order (#22).*

Plaintiff, however, filed an Opposition to the Joint Motion (#24) on March 7, 2012. The Court entered a minute order on March 8, 2012 stating that the order extending discovery would remain in effect, but that if the parties could not resolve their differences regarding Plaintiff's discovery responses, the Court would schedule a hearing. At the request of Defendant's counsel, the Court conducted a hearing in this matter on March 27, 2012. Based on the briefs submitted by the parties and the arguments made during the hearing, the Court will order Plaintiff to provide discovery responses as set forth in this Order.

. . .

. . .

# BACKGROUND

Plaintiff Gregory Barren alleges that the Defendants, Officer C. Coloma and Officer D. Brooks of the North Las Vegas Police Department, violated his Fourth Amendment rights against unreasonable searches and seizures during an incident that occurred on October 15, 2010. Mr. Barren alleges that while purchasing fuel at a Rebel gas station, he purchased food and a drink for a man who appeared to be homeless. Mr. Barren alleges that as he returned to his car, he was confronted by the Defendants who ordered Mr. Barren to place his hands behind his back and then handcuffed him. The Defendant Officers also detained the other man and questioned both individuals separately about what they were doing at the Rebel gas station. Mr. Barren states that he told the officers that he was getting gas. The homeless man allegedly told the officers that Mr. Barren had purchased food and drink for him. The homeless man was permitted to leave, but the Defendants continued questioning Mr. Barren, including asking for his address. Mr. Barren alleges that he told the officers that he lived at 4057 Woodgreen Drive. The officers told Plaintiff that he was under arrest for failure to change address as an ex-felon. Mr. Barren also alleges that the officers searched his car without his consent. Mr. Barren was taken to jail and his car was towed. *See Findings and Recommendation (#2)*, pgs. 1-2.

According to the police report, the Defendant Officers were looking for a suspect in a "beer skip," when they observed two individuals loitering in the landscaped area of the Rebel gas station. The officers stopped to investigate based on the Officer Coloma's past experience with homeless people drinking beer in the landscaped area, which violates an "open container in a public area" ordinance, and because one of the individuals appeared to generally match the description of the beer skip suspect. During the encounter with the homeless individual, the officers allegedly smelled an odor of freshly burned marijuana. The officers also allegedly determined that Mr. Barren had failed to change his address as an ex-felon as required by law. Mr. Barren was arrested for possession of marijuana and failure to change address as an ex-felon. He was subsequently charged with these criminal violations in the North Las Vegas Municipal Court. The charges were voluntarily dismissed, with prejudice, on March 2, 2011 pursuant to the motion of the prosecutor.

. . .

1  The Defendants served requests for admissions, interrogatories and requests for production
2  of documents on Plaintiff, who is not represented by counsel.  Mr. Barren objected to many of the
3  discovery requests based ON lack of relevance and on the doctrine *res judicata*.  Mr. Barren has
4  also objected to the written discovery on the grounds that the same matters were inquired into
5  during his deposition and he fully answered questions relating thereto.

## **DISCUSSION**

Individuals who are detained or arrested in violation of the Fourth Amendment may be entitled to recover damages for violation of their civil rights pursuant to 42 U.S.C. §1983. *McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984).  *See also Harper v. City of Los Angeles*, 533 F.3d 1010 (9th Cr. 2008).  In order to detain a person for questioning, a police officer must have reasonable suspicion that the person is engaged in or about to engage in criminal activity.  An arrest must be based on probable cause to believe that the individual has committed a crime.  *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744 (2002) (discussing reasonable suspicion to detain).  As the district court stated in *Goldyn v. Clark County*, 2007 WL 2592797, *4 (D.Nev. 2007):

> Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were "sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates,* 462 U.S. 214, 244 n. 13 (1983). The standard is not one of absolute certainty, but of "fair probability" that the suspect was involved in criminal behavior. *United States v. Potter,* 895 F.2d 1231, 1233 (9th Cir.1990). As a civil litigant, Plaintiff bears the burden of proving the absence of probable cause. *Gilker v. Baker,* 576 F.2d 245 (9th Cir.1978). In a § 1983 action, only the objective conduct of the officer is relevant; the officer's subjective intent is disregarded. *Whren v. United States,* 517 U.S. 806, 814, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

In order to succeed on his claims, therefore, Plaintiff must prove that the Defendant Officers did not have reasonable suspicion of criminal activity to detain him or probable cause to arrest him or to search his vehicle.  The fact that the criminal charges against Plaintiff were later dismissed does not mean that the Defendants did not have reasonable suspicion to detain Plaintiff or probable cause to search his vehicle and arrest him.  Criminal charges may be dismissed for a variety of

reasons, including the prosecutor's belief that charges cannot be proven beyond a reasonable doubt or because a material witness is unavailable to testify at trial. Plaintiff is not excused from meeting his burden of proof because the criminal charges were dismissed. Accordingly, Plaintiff does not have a valid objection to Defendants' discovery requests based on the dismissal of the criminal charges or an assertion of *res judicata.*

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes the parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. The information requested need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. *U.S. E.E.O.C. v. Caesars Palace Entertainment, Inc.,* 237 F.R.D. 428, 431 (D.Nev. 2006). Rule 26 permits discovery into any matter that bears on or that reasonably could lead to other matters that could bear on any issue that is or may be raised in the case. *Phoenix Solutions, Inc. v. Wells Faro Bank, N.A.,* 254 F.R.D. 568, 575 (N.D.Cal. 2008). The Defendants are therefore entitled to obtain information and documents from Mr. Barren regarding the facts and circumstances that led up to his detention and arrest and the search of his automobile. Defendants are also entitled, within reason, to obtain other background information that bears on Plaintiff's claims or alleged damages.

**Requests for Admissions.** Mr. Barren objected to Defendants' Requests for Admissions Nos. 1-16 on grounds of lack of relevancy. Defendants have only attached to their motion, copies of Request Nos. 1-10 and 20-21. *Motion (#21), Exhibits B and C.* The Court does not know what was requested in Request Nos. 11-16 and, on that basis, will not order Mr. Barren to respond to those requests. *See Local Rule 26-7(a).*

Request Nos. 1-7 ask Plaintiff to admit or deny certain factual matters that occurred on October 15, 2010 prior to his detention and arrest, including that he smoked, inhaled, injected or otherwise consumed marijuana. *See* Request No. 7. Request Nos. 8-10 ask Plaintiff to admit or deny matters relating to his registration as an ex-felon and place of residence. Request No. 20 asks Plaintiff to admit that he is required to register as a sex offender in the State of Nevada. Request No. 21 asks him to admit that he is required to register as a convicted person in the State of Nevada. For the reasons discussed above, these requests for admissions are relevant to whether the

officers had reasonable suspicion to detain Mr. Barren or probable cause to arrest him.  Mr. Barren's objections to Request for Admissions Nos. 1-10, and 20-21, are overruled and he is ordered to admit or deny those requests.

**Interrogatories**.  Defendants served two sets of Interrogatories on Plaintiff to which he has objected on various grounds.  Interrogatory No. 2 asks for information regarding any criminal or civil actions that Plaintiff has been a party to during the last ten years.   Plaintiff objected to this interrogatory on the grounds that it is irrelevant and that "Plaintiff should not be subject to answer questions in the face of a judgment that has been decided."  Plaintiff's prior civil litigation history appears reasonably calculated to lead to the discovery of admissible evidence which may have some bearing on his credibility or claim for damages.  Plaintiff's objection to Interrogatory No. 2 is therefore overruled and he is ordered to answer the question in regard to prior civil litigation.  The Court will address Defendants' request for information regarding prior criminal actions in connection with Interrogatory No. 3.

Interrogatory No. 3 asks Plaintiff to list all crimes for which he has been convicted, including the date of conviction, the crime for which he was convicted, whether the crime was a misdemeanor or felony, a detailed description of the facts underlying the offense, and the civil or criminal penalties imposed.  Defendant objected to this interrogatory as irrelevant.  He also states in response, however, that he has not been convicted of a crime since 1986.  Because Plaintiff's underlying arrest involved his alleged status as an ex-felon, the Court will require him to answer Interrogatory No. 3 by identifying any and all prior felony convictions he has sustained including, to the best of his knowledge, the date of conviction, the jurisdiction in which the conviction occurred, the crime for which he was convicted and the sentence he received.  Defendants have not provided any reason for requiring Mr. Barren to list prior misdemeanor convictions.  Accordingly, the Court will not order Mr. Barren to list prior misdemeanor convictions.

Interrogatory No. 4 asks Plaintiff to describe in detail any past or present registration requirements that he, as a convicted felon in the State of Nevada, is required to follow.  Interrogatory No. 5 asks Plaintiff to state the address that was listed on his felony registration on October 15, 2010.  Interrogatory No. 6 asks Plaintiff to state the address he resided at on October

15, 2010 and how long he had resided there.  These interrogatories are relevant to one of the underlying charges for which Plaintiff was arrested on October 15, 2010 and therefore seek information that is relevant and reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff is therefore ordered to answer Interrogatory Nos. 4, 5 and 6.

It appears that Plaintiff has answered Interrogatory Nos. 7, 8 and 9.  Defendants have not made any argument that Plaintiff's answers to these interrogatories are not responsive.  The Court will not compel any further responses to them.

Interrogatory No. 11 of Defendants' Second Set of Interrogatories asks Plaintiff substantially the same question that is asked in Interrogatory No. 4.  Defendants' motion to compel is denied as to Interrogatory No. 11 because it is repetitious.  Interrogatory No. 12 asks Plaintiff to list all law enforcement agencies with whom he is required to register as a convicted felon.  This a reasonable follow-up to Interrogatory No. 4 and the Court will therefore order Plaintiff to answer Interrogatory No.  12.

Defendants' motion does not identify any requests for production of documents to which Plaintiff has improperly objected, or which he has failed to adequately respond.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Discovery Responses and Limited Extension of Discovery (#21) is **granted** as follows:

1.   Plaintiff's objections to Requests for Admissions Nos. 1 through 10, 20 and 21, are overruled and he is ordered to admit or deny those Requests on or before **April 20, 2012**.

2.   Plaintiff's objections to Interrogatory Nos. 4, 5, 6 and 12 are overruled and he is ordered to answer those interrogatories,  under oath and subject to the limits previously stated in this order, on or before **April 20, 2012**.

**IT IS FURTHER ORDERED** that the discovery cut-off date will not be further extended at this time.  The deadline to file dispositive motions is extended to **May 10, 2012** and the due date for the joint pretrial order is extended to **June 11, 2012**, unless dispositive motions are filed, in

. . .

. . .

which case the joint pretrial order shall be due 30 days after the Court's decision on the dispositive motions.

DATED this 10th day of April, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge