UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY D. BARREN, Sr., <br><br>                Plaintiff, <br><br>vs. <br><br>OFFICER C. COLOMA, P#2106, an individual; and OFFICER D. BROOKS, P# 1875, an individual, <br><br>                Defendants. | Case No. 2:11 cv-00653-KJD-GWF <br><br>**ORDER** <br><br>Motion for Sanctions (#32) <br>Motion to Compel (#33) <br>Motion for Counsel (#38) <br>Motion for Sanctions (#44) |

This matter comes before the Court on Plaintiff's Motion to Compel Discovery Responses (#33), filed May 8, 2012; Plaintiff's Addendum (#37), filed May 10, 2012; Defendants' Response to Motion to Compel (#42), filed May 24, 2012; Plaintiff's Reply (#43), filed May 31, 2012; Plaintiff's Motion for Appointment of Counsel (#38), filed May 17, 2012; Defendants' Response (#45), filed June 4, 2012; Plaintiff's Reply (#48), filed June 12, 2012; Plaintiff's Motion for Sanctions (#32), filed April 24, 2012; Defendants' Response (#35), filed May 5, 2012; Plaintiff's Motion for Sanctions (# 44), filed June 4, 2012; Defendants' Response (#51), filed June 21, 2012; and Plaintiff's Reply (#53), filed June 26, 2012.

## BACKGROUND

Plaintiff Gregory Barren filed a civil rights action against Defendants Officers C. Coloma and D. Brooks of the North Las Vegas Police Department. He alleges violations of his Fourth Amendment rights against unreasonable searches and seizures during an incident that occurred on October 15, 2010. On February 28, 2012, Defendants' filed a Joint Motion to Extend Time for Discovery (#21) requesting additional time so Plaintiff could properly respond to their discovery

requests. The Court granted the joint motion based on Defendants' representations that Plaintiff had no objection. On March 7, 2012, however, Plaintiff filed his Opposition to the Joint Motion (#24), informing this Court that he never agreed to the extension and Defendants mislead this Court. In a Minute Order (#25) entered on March 8, 2012, the Court upheld its prior Order (#22) to extend discovery by thirty days (30). On March 27, 2012 the parties appeared before the Court for a status conference. The Court addressed Defendants' arguments concerning Plaintiff's insufficient discovery response. The Court instructed the parties to meet and confer in an attempt to resolve the discovery dispute, and if the dispute could not be resolved it could be addressed in a motion to compel. Subsequently, the Court ordered Plaintiff to respond to Defendants' outstanding discovery requests and denied any further extension of the discovery deadline. *See* Order (#30). According to Defendants' Response to Motion to Compel (#42), Plaintiff attempted to confer with Defendants' counsel by calling once on March 2, 2012, but was unable to reach Defendants' counsel who was out of town. Plaintiff filed a Motion for Sanctions (#32) on April 24, 2012 and a Motion to Compel Discovery (#33) on May 8, 2012, two days before the dispositive motion deadline. In accordance with the dispositive motion deadline, Defendants filed their Motion for Summary Judgment (#34) on May 9, 2012.

## DISCUSSION

### I.   Motion to Compel Discovery Responses (#33)

Federal Rule of Civil Procedure 33(b)(2) provides that a party has thirty (30) days to serve any answers and objections to interrogatories. When a party propounds untimely discovery requests, the answering party will not be compelled to respond, except in the Court's discretion. *Whitman v. Proconex*, 2009 WL 113740 (E.D. Penn 2009). The discovery completion date in this case was March 28, 2012. Plaintiff served written discovery on January 31, 2012 and April 22, 2012. Plaintiff's first set of discovery requests sought answers to written interrogatories, which Defendants declined to answer because the discovery request was untimely and Plaintiff failed to serve a party to this case. The January discovery request was untimely because it gave Defendants less than thirty (30) days to respond before the expiration of the discovery deadline. The responding party must be served with written discovery at least thirty (30) days before the

discovery deadline in order to allow time to respond. Fed. R. Civ. Pro. 33(b)(2).

Plaintiff's written discovery request on April 22, 2012 was also untimely because it was filed after the discovery deadline. Plaintiff filed no request for extension of discovery deadline in order to provide Defendants with time to respond to the written discovery request. Plaintiff's Motion to Compel (#33) argues that Defendants refused to respond to his January and April written discovery requests. The Court finds that both requests were untimely served and procedurally improper. On March 27, 2012, this Court informed Plaintiff that he must meet and confer with Defendants regarding any discovery issues. Plaintiff, however, failed to exercise due diligence in contacting Defendants and attempting to resolve the discovery dispute. Plaintiff waited until two days before dispositive motion deadline to file this motion to compel discovery, and Plaintiff's motion fails to indicate that any meet and confer actually occurred prior to its filing. Therefore, Plaintiff's Motion to Compel Discovery (#33) is denied.

**II.     Motion for Appointment of Counsel (#38)**

The Sixth Amendment guarantees the right of counsel only in criminal prosecutions. U.S.C.A. Const. Amend. 6. The appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993), citing *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). However, under extraordinary circumstances counsel may be appointed to a plaintiff. *Archie v. Christian*, 812 F.2d 250 (5th Cir. 1987). The existence of extraordinary circumstances is determined by four factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

There is no indication that Plaintiff has attempted to secure counsel to represent him in this case. Although Plaintiff does not have the financial resources to pay attorneys fees, attorneys frequently agree to handle civil rights cases on a contingent fee basis. Plaintiff has demonstrated his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Over the course of this case, Plaintiff has filed many detailed and lengthy motions that cite to

federal statutes and relevant case law. There is no indication by Plaintiff's actions that he is unable to articulate his claims effectively without counsel. Lastly, even assuming the meritoriousness of Plaintiff's case, the other three factors weigh against appointment of counsel. Furthermore, this Court will not make a determination as to the merits of this case, as there are summary judgment motions currently pending. Therefore, Plaintiff's Motion for Appointment of Counsel (#38) is denied.

### III.  Motion for Sanctions (#32)

Plaintiff argues that Defendants misled this Court when they submitted the Joint Motion to Extend Time (#21). Plaintiff argues that he did not agree to that motion and that the Defendants should be sanctioned for their misrepresentations to this Court. On March 7, 2012 Plaintiff filed a motion in Opposition to the Defendants' Joint Motion to Extend Time (#24), which accused Defendants of misrepresentation and wrongdoing through their filing of a Joint Motion to Extend Time (#21) and their actions during the discovery period. *See* Motion for Sanctions (#32, Exhibit A). The Court addressed these allegations in a March 8, 2012 Minute Order (#25) by deciding to uphold its previous decision to extend the discovery deadline despite Plaintiff's objections. The Motion for Sanctions (#32) presently before the Court makes the same accusations of wrongdoing by Defendants that the Court has already rejected. The Court does not find that Defendants filed the Joint Motion to Extend Time (#21) with the intent to mislead the Court. Rather, that Defendants believed Plaintiff was in agreement with them as to the filing of the joint motion. Therefore, sanctions are not warranted, and Plaintiff's Motion for Sanctions (#32) is denied.

### IV.  Motion for Sanctions (#44)

Plaintiff filed a second Motion for Sanctions (#44) after the close of discovery accusing Defendants of misrepresenting facts in their Motion for Summary Judgment (#34). The Court finds that the proper method for Plaintiff to dispute the factual misrepresentations is in Plaintiff's opposition to that motion. Therefore, Plaintiff's Motion for Sanctions (#44) is denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery Responses (#33) is **denied**.

. . .

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#38) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Sanctions (#32) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (#44) is **denied**.

DATED this 17th day of July, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge