UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY D. BARREN, SR., | |
|     Plaintiff, | Case No. 11-CV-00653-KJD-GWF |
| v. | **ORDER** |
| D. BROOKS, *et al.*, | |
|     Defendants. | |

Before the Court is Defendants C. Coloma and D. Brooks's Motion for Summary Judgment (#34). Plaintiff Gregory D. Barren has responded and filed a cross-motion for summary judgment (#39), and Defendants have replied and responded (#46).

I. Background

On October 15, 2010, North Las Vegas Police Department Emergency Dispatch received a 911 call reporting a theft of beer from a CVS pharmacy. The store employees described two suspects. The first was an apparently homeless, Hispanic male wearing a baseball cap, black and turquoise Hornets jacket, and blue jeans. The other was a black male wearing a black jacket and black pants. Both were described as being in their late thirties to early forties. Defendants, who are police officers for the City of North Las Vegas, were dispatched to investigate the crime.

While attempting to locate the suspects, Officers Brooks and Coloma spotted Plaintiff Gregory Barren, a black adult male wearing a blue shirt and blue shorts, talking with an apparently homeless man at a Rebel gas station located approximately one half-mile from the CVS pharmacy. Barren and the other man were holding canned beverages.

Officers Brooks and Coloma pulled into the parking lot to determine whether the two men matched the description of the beer theft suspects, and to investigate a possible violation of North Las Vegas Municipal Code § 9.08.040, which prohibits the possession of an open container of alcohol in public. As Defendants arrived, Barren began walking toward a vehicle. The officers noted the smell of marijuana. They asked both men what they were doing at the gas station and why they smelled like marijuana. Barren replied that he was getting gas and had purchased some food and beverages for the homeless man. The officers ordered Barren and the homeless man to the front of the patrol car. They then asked both men for their identification, including their names and addresses. Barren told them his name, and stated that he resided at 4057 Woodgreen, Las Vegas, Nevada. At some point during or after the questioning, the officers placed Barren in handcuffs.

The officers then performed a records check and found that Barren had previously been convicted of three felonies, and that his registered address was 5000 Cannon Boulevard, Las Vegas, Nevada. Because Barren was not currently residing at his registered address, Officer Coloma placed Barren in the back of the patrol car and read him his Miranda rights. Officer Coloma explained to Barren that he was under arrest for failing to update his registered address as a felon, in violation of NRS 179C.110.

Because Barren was under arrest, Officers Brooks and Coloma arranged to have Barren's car impounded. They performed a routine inventory search of Barren's car. While conducting the inventory search, they discovered a marijuana joint in the center console in violation of NRS 453.336, which prohibits the unlawful possession of marijuana.

Barren was taken to the North Las Vegas Detention Center and formally charged with failure to update his address as a felon, and possession of less than one ounce of marijuana.

Barren now argues that his detainment, arrest, and subsequent vehicle search each constituted an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments. He has filed this action against Officers Brooks and Coloma pursuant to 42 U.S.C. § 1983. Officers Brooks and Coloma have moved for summary judgment.

II.  Analysis

A. Legal Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56(c), to show that there is a genuine dispute for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

Courts are required to hold pleadings of pro se parties "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, pro se litigants

1  are not to be treated more favorably than parties represented by attorneys of record. Jacobsen v.
2  Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

3          B. Unlawful Detainment in violation of the Fourth Amendment

4      An initial stop or detainment may constitute an unlawful seizure, even though the person
5  stopped is not actually arrested. Terry v. Ohio, 392 U.S. 1, 16 (1968). However, as long as the
6  officers have "reasonable suspicion" that the person is engaged in or is about to engage in criminal
7  activity, detainment is proper. U.S. v. Arvizu, 534 U.S. 266, 273 (2002). To determine whether an
8  officer could have reasonable suspicion of criminal activity, courts look at the totality of the
9  circumstances. Id. Thus, summary judgment is proper on a claim for unlawful detainment if there is
10  no dispute of material facts concerning the totality of circumstances that lead to the detainment.

11      Defendants state that Barren was standing and speaking with an apparently homeless man in a
12  landscaped area where homeless men often drink alcohol, and that Barren and the homeless man
13  were holding canned beverages. Defendants argue that these circumstances gave them reasonable
14  suspicion to detain Barren for two reasons. First, based on their appearance, their location, and their
15  canned beverages, Barren and the homeless man appeared to be committing the crime of possessing
16  an open container of alcohol in public. Second, Barren and the homeless man matched the general
17  description of the two men that had stolen canned beverages from a nearby pharmacy a short time
18  before.

19      In response, Barren claims the officers lacked reasonable suspicion because he was not in the
20  exact area alleged by Defendants. According to Barren, he was actually on a paved portion of the
21  property near the landscaped area.  Barren has failed to explain how this minor discrepancy would
22  defeat Defendants' reasonable suspicion that Barren was committing the crime of possession of an
23  open container of alcohol in public.

24      Additionally, Barren argues that he was not an exact match to the robbery suspects. Barren
25  was wearing blue clothes, not black clothes; he was wearing shorts and a t-shirt, not pants and a
26  jacket; and he was clean cut, not "shabby looking." However, even examining the facts in the light

most favorable to Barren, Barren's general appearance was reasonably similar to that of one of the theft suspects, he was with a man who matched the general description of the other suspect, and they were both in possession of items that matched the description of the stolen goods.  Barren has failed to provide facts showing that these circumstances, taken together, did not create a reasonable suspicion that Barren was one of the men who robbed the pharmacy.  Accordingly, summary judgment is granted in favor of Defendants on Barren's claim for unlawful detainment in violation of the Fourth Amendment.

### C. Unlawful Arrest in Violation of the Fourth Amendment

For police officers to lawfully make an arrest, they must have probable cause to do so. Dubner v. City & County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause exists when, at the time of arrest, the facts and circumstances within the officers' knowledge are sufficient to warrant a prudent man in believing that a person has committed a crime. Hunter v. Bryant, 502 U.S. 224, 228 (1991). Accordingly, summary judgment is proper on a claim for an unlawful vehicle search if there is no dispute of material facts concerning whether the officers had sufficient knowledge to believe that a person had committed a crime.

Here, after stopping Barren, Officers Brooks and Coloma asked Barren his name and address and placed him in handcuffs while they performed a records check. Upon learning that Barren's current address differed from his registered address as a felon, the officers arrested Barren and placed him in the back of the patrol car.[1]

Defendants have provided undisputed evidence that Barren was arrested only after they discovered that Barren was a felon who had apparently failed to update his address. They have therefore shown that they had sufficient knowledge to believe Barren had committed a crime. Barren does not dispute that he had failed to update is address, nor does he dispute that this was the reason

---

[1] Barren has not argued that being handcuffed prior to being placed in the car constituted an arrest. While handcuffing can be a "substantial factor in determining whether an individual has been arrested . . . handcuffing alone is not determinative." U.S. v. Bravo, 295 F.3d 1002, 1010 (9th Cir. 2002). The evidence indicates the handcuffs were used as a means of detainment while the records check was performed.

for his arrest. Barren has failed to show a dispute of material facts concerning whether the officers had probable cause to arrest him. Accordingly, summary judgment is granted in favor of Defendants on Barren's claim for unlawful unlawful arrest in violation of the Fourth Amendment.

### D. Unlawful Search in violation of the Fourth Amendment

Inventory searches conducted "pursuant to standard police procedures" are considered "reasonable" and do not violate the Fourth Amendment. S. Dakota v. Opperman, 428 U.S. 364, 372 (1976). Accordingly, summary judgment is proper on a claim for an unlawful vehicle search if there is no dispute of material facts concerning whether the search was made pursuant to standard police procedures. Id.

The North Las Vegas Police Department requires officers to take an inventory of items within a vehicle before the vehicle is impounded. Barren had been placed under arrest but his car was still parked at the gas station. Accordingly, Defendants arranged to have it towed and impounded. Pursuant to standard procedure, Defendants searched the vehicle prior to having it towed away. Barren has failed to provide any evidence showing a dispute of these facts. Accordingly, summary judgment is granted in favor of Defendants on Barren's claim for unlawful search in violation of the Fourth Amendment.

### E. Violations of the Fourteenth Amendment

All allegations of unlawful searches and seizures are to be "analyzed under the Fourth Amendment and its reasonableness standard" rather than the Fourteenth Amendment and its substantive due process approach. Graham v. Connor, 490 U.S. 386, 395 (1989). Accordingly, summary judgment is granted for the Defendants on all Barren's claims under the Fourteenth Amendment.

///

///

///

III. Conclusion

For the foregoing reasons, summary judgment is granted against Plaintiff and in favor of Defendants. Plaintiff is advised that the Court will not entertain motions for reconsideration of this Order.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (#28), Cross Motion for Summary Judgment (#40), Motion for Supplemental Complaint and an Amended Complaint (#49), and Motion to Dismiss (#52) are **DENIED**.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Defendants and against Plaintiff.

DATED this 1st day of October, 2012.

_____
Kent J. Dawson
United States District Judge